# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1342

_____

William Christopher Niemet,　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　Appellee,　　　*
　　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　*　District Court for the Western
　　　　　　　　　　　　　　　　　　　*　District of Missouri.
The County of Cole, a Missouri　　　*
Political Subdivision; John Hemeyer,　*　　　[UNPUBLISHED]
Sheriff of Cole County, Missouri,　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　Appellants.　　*

_____

Submitted:  September 17, 1999
　　　Filed:  September 22, 1999

_____

Before BEAM, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

On June 14, 1991, Sheriff John Hemeyer took into custody William Christopher Niemet, a juvenile suspect in a murder investigation. That same day, a petition was filed in the juvenile court, alleging Niemet committed the murder, and the juvenile court continued Niemet's custody at a preliminary hearing in which the juvenile court found probable cause to believe Niemet had committed the murder. Before the formal detention hearing on June 17, 1991, the petition was amended to allege a different charge, and the juvenile court again found probable cause to detain Niemet. All

charges against Niemet were eventually dropped, and Niemet was released. In 1997, Niemet brought this 42 U.S.C. § 1983 action against Hemeyer and the County of Cole (the county), alleging Hemeyer "knowingly imprisoned [Niemet] on the basis of false information, and used such information as an unlawful pretext to keep [Niemet] in custody and 'sweat out' a murder confession." Appellee's Brief, at 3-4. The district court granted the county's motion for summary judgment. The district court denied Hemeyer's motion for summary judgment, however, stating:

> In this case, [Niemet] had a full and fair opportunity to litigate the issue of probable cause if the Petition and hearing w[ere] based upon truthful information from Sheriff Hemeyer. Although no support has been brought forth by [Niemet] for his contentions, this Court finds that a genuine issue of material fact still exists. For this reason, summary judgment cannot be granted in favor of Sheriff Hemeyer.

Hemeyer appeals, and we reverse.

Hemeyer contends he was entitled to summary judgment based on qualified immunity. We agree. Hemeyer has qualified immunity if his "'conduct d[id] not violate clearly established . . . constitutional rights of which a reasonable person would have known.'" Hedges v. Poletis, 177 F.3d 1071, 1074 (8th Cir. 1999) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Because "the Fourth Amendment requires a truthful factual showing sufficient to constitute probable cause," id., Niemet's allegations implicate a clearly established constitutional right. Thus, "the case turns on whether [Niemet] provided sufficient evidence to create a material issue of fact as to the truthfulness of [Hemeyer]." Id. at 1075. As the district court acknowledged, Niemet failed to provide any evidentiary support for his claim that Hemeyer knowingly presented false information to the juvenile court, and, accordingly, Hemeyer is entitled to qualified immunity. See id.; Devose v. Addison, 172 F.3d 632, 633 (8th Cir. 1999).

We reverse and remand with directions to enter summary judgment for Hemeyer.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.